**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**D. JAMES SUTTON**,
**Plaintiff**,

**v.** **1:05-CV-669 (GLS/RFT)**

**COMMISSIONER OF THE UNITED STATES INTERNAL REVENUE SERVICE**,
**Defendant**.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| HODGSON, RUSS LAW FIRM<br>677 Broadway Suite 301<br>Albany, NY 12207 | RICHARD L. WEISZ, ESQ. |
| **FOR THE DEFENDANT:** | |
| U.S. DEPARTMENT OF JUSTICE<br>Tax Division<br>P.O. Box 55<br>Ben Franklin Station<br>Washington, DC 20044 | BONNI J. PERLIN<br>Tax Division Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

### I. Introduction

Plaintiff James Sutton filed suit pursuant to 26 U.S.C. § 6630(d)(1)(B), seeking review of an administrative decision of the Internal Revenue Service (IRS), which upheld a levy on Sutton's property for unpaid federal employment taxes, interest, and penalties. *Dkt. No. 1*. Pending before the Court is the IRS's motion for summary judgment[1] and an order affirming the IRS's determination. *Dkt. No. 6*. For the reasons set forth below, the motion is granted.

### II. Facts

In August 2004, the IRS made three separate assessments against Sutton for trust fund recovery penalties pursuant to the provisions of 26 U.S.C. § 6672,[2] in the amounts of $ 13,735.06, $4,575.41, and $356.39

[1]Since the United States included materials outside the pleadings with its motion, the Court construes its motion as one for summary judgment. *See Johnson Home Care Serv., Inc. v. United States*, 04-CV-129, 2005 WL 2210661, at *1 (E.D.N.Y. 2005)(noting that many courts have allowed motions for summary judgment when reviewing collection due process hearings)(internal quotation and citation omitted).

[2]Federal law requires employers to withhold from their employees' paychecks their share of federal social security and income taxes. *See* 26 U.S.C. §§ 3102, 3402. The employer holds the withheld taxes in trust for the government and must pay them over. Section § 6672(a) imposes personal liability for the unremitted funds on any person who is required to collect, account for and pay over the tax but fails to do so. *Johnson Home Care*

respectively. Sutton's liability resulted from his failure, as a responsible person, to collect, truthfully account for, and pay over to the United States the federal taxes withheld by: (1) Crow & Sullivan and Associates for the tax period that ended September 30, 2002; and (2) Pine Valley Landscape Corporation for the tax period ending September 30, 2004 and December 31, 2002. *Def. Mot. Summ. J., Ex. A, Dkt. No. 6.*[3]

On October 6, 2004, the IRS sent Sutton a notice of intent to levy and a notice of his right to a due process hearing for the liabilities set forth above. *Id. at Ex. C.* On this same date, Sutton responded to the IRS's intent to levy by letter, stating that he was prepared to make monthly payments of $1000, but that he had not done so because the IRS had not formally approved the arrangement. *Id. at Ex. E*. The IRS responded to Sutton's letter by stating that "installment payments are not a viable option...because he had ample equity in his assets to pay the full liability." *Id*. *at Ex. F*. The letter further noted that while Sutton had offered to make *voluntary* payments of $1000, no payments had been received by the IRS.

---

*Servs.,* 2005 WL 2210661, at *3 n.5 (internal quotation and citation omitted).

[3]Sutton contends that some of the unpaid tax liability was incurred on a large construction project where employees were not paid by the contractor. He claims that he is pursuing legal action against the contractor for the amount of $890,415.50 and has obtained a bond for the full amount. *Dkt. No. 10, Sutton Aff.* ¶¶ *4-5*.

*Id.* In addition, the IRS also noted that: (1) Sutton had informed the IRS that he won a lawsuit and that they would receive $100,000, these funds were also never received; and (2) while Sutton has continually referred to incoming proceeds from the sale of his properties, the IRS has also not seen any monies from such a sale. *Def. Mot. Summ. J., Ex. F, Dkt. No. 6.* On October 12, Sutton responded that he believed that he was still legally entitled to an installment plan, and enclosed several $1,000 checks with his letter and a note which stated "the legal case we won is money still coming to you." *Id. at Ex. G*.

On February 22, 2005, a collection due process hearing via telephone was held at Sutton's request. *Def. Mot. Summ. J.*, *Exs. B, C Dkt. No. 6*. He did not contest the amount of his tax liabilities. *Def. Mot. Summ. J., Ex. B, Dkt. No. 6*; *Sutton Aff. ¶ 8, Dkt. 10*.[4] During the hearing, Sutton again informed the IRS officer that he wanted to pay $1000 per month until he could pay in full. *Def. Mot. Summ. J., Ex. B, Dkt. No. 6.* The IRS officer advised Sutton that an agreement could only be accepted if it would fully pay off his liability within the statutory period of limitations. *Id*.

[4]At the time of the hearing, Sutton was liable for the three unpaid trust fund recovery penalties described above, personal income tax liabilities for 2001 and 2002, as well as seven other trust fund recovery penalty assessments for periods during 1999, 2000, 2001, and 2002.

In response, Sutton expressed his desire to extend the enforcement of the levy until July 2005, so that he could sell his property and receive the proceeds from his pending lawsuit. *Def. Mot. Summ. J., Ex. B, Dkt. No. 6*. The settlement officer replied that the IRS would not refrain from enforcement until July and advised Sutton to submit an installment agreement proposal by February 25, 2005. *Id*.

On February 25, the IRS received copies of Sutton's pending lawsuit and a contract for sale of property, these papers, however, did not indicate whether any funds from either action were available to Sutton. *Id.* On March 14, the IRS received another proposal from Sutton to pay $5,000 per month until he received the proceeds from his pending actions. *Def. Mot. Summ. J., Ex. B, Dkt. No. 6*; *Sutton Aff. ¶ 8, Dkt. No. 10*.

As of March 14, 2005, Sutton was also not current with filing his 2003 Form 1040 for personal income taxes, or his Form 940 for Foxcraft Nurseries. *Def. Mot. Summ. J., Ex. B, Dkt. No. 6*. In May, the IRS issued a Notice of Determination, which found that Sutton's proposed installment agreement was unsubstantiated and that a levy on Sutton's property would serve the IRS's interest in efficient tax collection. *Id. at Ex. C*. At the time of this decision, Sutton's liability totaled over $460,000. *Id. at Ex. B, C*.

Following this determination, Sutton sought review by this court under 26 U.S.C. § 6330(d).

## III. Discussion

### A. Standard of Review under 26 U.S.C. § 6330(d)

This Court has jurisdiction to review an IRS determination pursuant to 26 U.S.C. § 6330(d)(1)(B),[5] which states that "a person may, within 30 days of a determination under this section, appeal such a determination... to a district court of the United States," when as in this case, the tax court does not have jurisdiction.[6] *Ramos v. IRS*, 351 F. Supp. 2d 5, 9 (N.D.N.Y. 2005). When the underlying tax liability is not at issue (as is the case here), the Court reviews the IRS's determination for abuse of discretion. *Id*. Generally, for judicial review of administrative appeals, a decision "would be an abuse of discretion if it were made without rational

[5]Sutton requested an evidentiary hearing to show "the court how [his] company can pay off the tax liability within the statutory period," however, this is not within the court's authority to grant. Judicial review under § 6330 is limited to issues properly raised during the collection due process hearing, the district court does not have jurisdiction to supplement the administrative record. *See Pelliccio v. United States*, 253 F. Supp. 2d 258, 260 (D. Conn. 2003); *MRCA Info. Servs. v. U.S.*, 145 F. Supp. 2d 194, 198 (D. Conn. 2000)(citing *U.S. v. Carlo Bianchi & Co.,* Inc., 373 U.S. 709, 714 (1963)).

[6]The tax court's jurisdiction is generally limited to income, estate, gift, and certain excise taxes, it does not have jurisdiction to review employment tax liability determinations under § 6330. *Ramos v. IRS*, 351 F. Supp. 2d 5, 9 (N.D.N.Y. 2005).

explanation, inexplicably departed from essential policies, or rested on an impermissible basis, or...on other considerations that Congress could not have intended to make relevant." *Id.* (citing *MRCA Info. Servs. v. U.S.*, 145 F. Supp. 2d 194, 199 (D.Conn. 2000)(citation omitted). Under this standard of review, the final determination of the IRS settlement officer is given significant deference. *Johnson Home Care Servs., Inc. v. United States*, 04-CV-129, 2005 WL 2210661, at *3 (E.D.N.Y. 2005); *Olsen v. United States*, 411 F.3d 144, 150 (1st Cir. 2005)(quoting *Living Care Alternatives of Utica v. United States*, 411 F.3d 621, 624-25 (6th Cir. 2005).[7]

In formulating the determination, the statute requires the IRS officer to take into consideration: (1) verification that the requirements of any applicable law or administrative procedure have been met; (2) the issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate

---

[7]In the *Living Care* case, the Sixth Circuit discussed the difficulties presented by judicial review of collection due process hearings, a recent creation of the Internal Revenue Service Restructuring and Reform Act of 1998, PL No. 105-206, 112 Stat. 685. The court noted that tax liens and levies are not typical collection actions; the IRS has much greater latitude than a normal creditor. *Living Care*, 411 F.3d at 624. The court also noted that unlike most administrative decisions, no transcript or official record of the hearing exists for due process collection hearings, making judicial review difficult. *Id. at 625.* Based on these facts, the court concluded that Congress must have contemplated a more deferential review of tax appeals than of more formal agency decisions. *Id*.

concern of the taxpayer that any collection action be no more intrusive than necessary. *See* 26 U.S.C. § 6330(c)(3).

**B. Summary Judgment Standard**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits...show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Globecon Group, LLC v. Hartford Ins. Co.*, 434 F.3d 165 (2d Cir. 2006). It is well settled that on a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also S.E.C. v. Kern*, 425 F.3d 143, 147 (2d Cir. 2005). "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The opponent of a summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Jeffreys v. City of New*

*York*, 426 F.3d 549, 554 (2d Cir. 2005)(quoting *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). While the court must resolve all ambiguities and draw all inferences against the movant, those inferences must be supported by affirmative facts and must be based on relevant, admissible evidence. *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004); Fed. R. Civ. P. 56(e)). “As to materiality, the substantive law will identify which facts are material.” *Anderson*, 477 U.S. at 248.

**C. Analysis**

**1. Rejection of Sutton’s Proposed Installment Plan**

Sutton contends that the IRS officer abused his discretion by rejecting his proposed installment payment plan. He specifically claims that the IRS’s rejection of the plan based on its noncompliance with the statutory collection period is arbitrary and capricious because it did not take into account the monies from existing income executions and future litigation proceeds.

Upon review, the task of the court “is not to determine whether in its own opinion...an installment agreement would best serve both the interest

of the IRS and the taxpayer, but to determine whether there is an adequate basis in law for the officer's conclusion that it did not." *MCRA Info. Servs.*, 145 F. Supp. 2d at 199 (internal quotation omitted). The IRS "has the discretion to accept or reject any proposed installment agreement." *See* 26 C.F.R. § 301.6159-1(b). The IRS will generally accept proposed installment plans, however, an agreement may be properly rejected by the IRS where the taxpayer cannot establish his ability to make the proposed payments and/or the taxpayer has a history of non-compliance with payroll tax laws. *Johnson Home Care* Servs., Inc., 2005 WL 2210661, at *5 (citing *Berkey v. IRS*, 00-CV-75149, 2001 WL 1397680, at *5 (E.D.Mich. 2001)); *see also TTK Mgmt. v. United States*, 99-CV-1542, 2000 WL 33122706, at *2 (C.D. Cal. 2000)(holding that the IRS officer did not abuse his discretion to reject the proposed collection alternatives for past liabilities when the plaintiff was not meeting current payroll tax obligations). Moreover, it is not an abuse of discretion for a settlement officer to refuse to delay a proposed collection action in order to allow the taxpayer to sell an asset to satisfy the liability. *See Medlock v. United States*, 325 F. Supp. 2d 1064, 1078 (C.D. Cal. 2004) (holding that the appeals officer did not abuse her discretion in determining that waiting for a taxpayer to sell a business to receive funds

was not in the interest of the efficient collection of taxes). Further, the IRS is not required to accept proposed installment agreements based on unsubstantiated events in the hope that they will actually materialize. *Id.*

Here, Sutton has failed to point to any evidence to demonstrate that the IRS officer's rejection of his proposed installment plan was an abuse of discretion. While Sutton claims that the IRS did not properly consider other credits that would lower his overall liability and allow him to potentially pay his debt within the statutory period, the IRS is not required to accept proposed installment plans from a taxpayer. Moreover, the IRS provided Sutton with the following specified reasons for rejection: (1) Sutton failed to substantiate future payments which were subject to contingencies; (2) he failed to stay current with his tax obligations; and (3) he had the ability to pay his tax liability in full.[8]

## IV. Conclusion

The record in this case demonstrates that the IRS officer engaged in

---

[8]The IRS contends that this is evidenced by three exclusive right to sell listing agreements with his mother, Val Sutton, a real estate agent, to allow her to sell his real estate located at: (1) 45 Mechanic Street, Hoosick Falls, NY, at a minimum of $169,000 (with a remaining $41,000 mortgage); (2) 949 Groveside Road, West Hoosick, NY, at a minimum of $325,000; and (3) a vacant lot on Pine Valley Road, at a minimum of $89,900. Also, according to a financial statement submitted by Sutton to the IRS, he also owned property at 937 Groveside Road, with an estimate value of $250,000.

the required analysis prior to issuing the determination. He reviewed the administrative file and concluded that all requirements of the applicable law and administrative procedure have been met with respect to the assessments and the proposed collection action. He considered all the issues properly raised and pursued by Sutton. He determined, however, that Sutton's request for an alterative payment plan is outweighed by his failure to substantiate his proposal and meet his current tax obligations, as well as his overall financial ability to pay his tax liability in full. Finally, the IRS officer determined that Sutton's legitimate concerns of intrusiveness were outweighed by the need for efficient collection of taxes. Accordingly, the court finds no basis to conclude that the IRS abused its discretion in issuing the Notice of Determination.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that the decision upholding the levy is **AFFIRMED**; and defendant's motion for summary judgment (Dkt. No. 6) is **GRANTED** and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Gary L. Sharpe
United States District Court Judge

May 8, 2006

Albany, New York